**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANDREW P. MOORE, II,
et al.,
           Plaintiffs,

vs.                                                        CASE NO. 3:09-cv-298-J-34TEM

SHANDS JACKSONVILLE
MEDICAL CENTER, INC., etc.,
et al.,

           Defendants.
_____

## O R D E R

This matter is before the Court on Defendants' Motion to Strike Plaintiffs' Notice of Filing Right to Sue Letter (Doc. #45, Motion) and Plaintiffs' response in opposition thereto (Doc. #48).[1] For the reasons stated herein, the Motion shall be denied.

In the Motion, Defendants request that Plaintiffs' Notice of Filing Right to Sue Letter (Doc. #44, Notice) be stricken pursuant to Federal Rule of Civil Procedure 12(f) because the document is immaterial and impertinent to the instant cause of action (Doc. #45 at 3-8). Rule 12(f) of the Federal Rules of Civil Procedure, however, provides that a court may order stricken from a *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Rule 7 defines a pleading as: (1) a complaint; (2) an answer; (3) a reply to a counterclaim; (4) an answer to a cross-claim; (5) a third-party complaint; or (6) a third-party answer. With respect to the aforementioned enumerated documents, "Rule 7 explicitly

---

[1]On October 14, 2009, Plaintiffs filed a Notice of Corrections (Doc. #49), wherein Plaintiffs corrected and/or clarified various statements contained in their response in opposition to the instant motion.

excludes everything else from its definition of pleadings." *Burns v. Lawther,* 53 F.3d 1237, 1241 (11th Cir. 1995).

Consequently, the terms of Rule 12(f) and Rule 7 make it clear that only material included in a pleading may be the subject of a motion to strike pursuant to Rule 12(f). Defendants, however, cite *Vipre Systems, LLC v. NITV, LLC*, 2007 WL 2021871, *3 (M.D. Fla. 2007) for the proposition that Rule 12(f) also provides authority for courts to strike other types of filings, such as improper notices (Doc. #45 at 3). The notice that was ordered stricken by the court in *Vipre* was a "Notice Regarding Counterclaim," which purported to reserve the defendant's right to file a counterclaim at a later date of its choosing. 2007 WL 2021871, at *1. It is important to note, however, that this notice was contained within the defendant's answer and affirmative defenses—a pleading, as defined by Rule 7.

The *Vipre* court struck the "Notice Regarding Counterclaim" from the defendant's answer and affirmative defenses as immaterial and unauthorized because, pursuant to the court's case management and scheduling order, the time for amending pleadings in the case had expired. *Id.* Consequently, the court found that any attempt by the defendant to amend its counterclaim(s) would need to be made by way of motion practice; therefore, the court determined that the notice reserving the right to amend the pleadings, at a later date of its choosing, was improper. *Id.*

Here, Defendants essentially seek a dispositive ruling that Plaintiffs' Right to Sue Letter has no legal effect on Plaintiffs' Title VII claims because Plaintiffs allegedly abandoned their original charge of discrimination that was filed with the Equal Employment Opportunity Commission (the "EEOC") on June 5, 2008 (*see* Doc. #45 at 5-6). Thus, it is Defendants' contention that Plaintiffs have failed to exhaust their administrative remedies

2

and, therefore, the Court does not have jurisdiction to hear Plaintiffs' Title VII claims (Doc. #45 at 5).[2]

A motion to strike, however, "should not be used as a vehicle to determine disputed and substantial questions of law[.]" *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D. N.J. 2000); *see also Sauceda v. United States*, No. CV-07-2267-PHX-DGC, 2009 WL 2372188, *1 (D. Ariz. Aug 3, 2009) (denying motion to strike where motion essentially sought a dispositive ruling).[3]

Accordingly, it is hereby **ORDERED**:

Defendants' Motion to Strike Plaintiffs' Notice of Filing Right to Sue Letter (Doc. #45) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of December, 2009.

Copies to all counsel of record
and *pro se* parties

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

---

[2] The Court would note that the appropriate method for having the Court consider the proffered Right to Sue Letter would be for Plaintiffs to move to amend the complaint to include the Notice of Filing Right to Sue Letter (Doc. #44) as an exhibit thereto.

[3] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2

3