UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW P. MOORE, II,
et al.,

        Plaintiffs,

vs.                                      CASE NO. 3:09-cv-298-J-34TEM

SHANDS JACKSONVILLE
MEDICAL CENTER, INC., etc.,
et al.,

        Defendants.
_____

## **O R D E R**

      This matter is before the Court on Defendants' Motion to Stay Discovery Pending Adjudication of Pending Motion to Dismiss Second Amended Complaint (Doc. #35, Motion) and *pro se* Plaintiffs' response in opposition thereto (Doc. #39). In the Motion, Defendants request a stay of all discovery until such time as the pending motion to dismiss Plaintiffs' second amended complaint (Doc. #23) has been ruled upon (Doc. #35 at 2). For the reasons states herein, Defendants' request is well taken and the Motion shall be granted.

      The Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida provide for the appropriate filing of motions seeking court intervention in discovery matters. Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

While motions to stay discovery may be granted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (*citing Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985)).

Here, Defendants argue that discovery should be stayed in this instance because, *inter alia*, the pending motion to dismiss is based on facial challenges to Plaintiffs' second amended complaint; therefore, the granting of the motion could dispose of the entire action (Doc. #35 at 2).

A request to stay discovery pending the resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case. *Feldman,* 176 F.R.D. at 652. Consequently, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53.

A preliminary peek at the motion to dismiss (Doc. #23) reveals Defendants have raised meritorious challenges to the legal sufficiency of the complaint in its entirety, although the undersigned would note that he expresses no opinion as to the ultimate merits of either Defendants' challenges or Plaintiffs' second amended complaint as pled.

In circumstances such as this, the Eleventh Circuit has instructed that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (footnote and citation omitted); *see also Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005) (finding no error in the

district court's imposition of a stay pending the resolution of a motion to dismiss based on facial challenges to the complaint).[1]

Defendants also point out that the lead plaintiff, Andrew P. Moore, II, is a prolific litigator and that, in all the prior actions filed by Plaintiff Moore in this Court, he has not survived the motion to dismiss stage of the proceedings (Doc. #35 at 5); *see Moore v. Henderson, et al.*, No. 3:97-cv-531-J-HES (M.D. Fla. May 5, 1997) (Docs. #314, #459); *Moore v. Henderson, et al.*, No. 3:97-cv-613-J-HES (M.D. Fla. May 19, 1997) (Doc. #48); *Moore v. Henderson, et al.*, No. 3:98-cv-120-J-HES (M.D. Fla. Feb. 6, 1998) (Doc. #10); *Moore v. Henderson, et al.*, No. 3:98-cv-393-J-HES (M.D. Fla. Apr. 27, 1998) (Doc. #24); *Moore v. Martin, et al.*, No. 3:00-cv-182-J-HES (M.D. Fla. Feb. 17, 2000) (Docs. #133, #141, #145); *Moore v. Schlesinger, et al.*, No. 3:01-cv-108-J-31KRS (M.D. Fla. Jan. 25, 2001) (Docs. #133, #141, #145); *Moore v. Brumagin, et al.*, No. 3:02-cv-266-J-HLA (M.D. Fla. Mar. 19, 2002) (Doc. #36); *Moore v. Potter, et al.*, No. 3:03-cv-286-J-HLA (M.D. Fla. Apr. 7, 2003) (Docs. #82, #166); *Moore v. Potter, et al.*, No. 3:04-cv-1057-J-TJC (M.D. Fla. Oct. 5, 2004) (Doc. #69).

Indeed, this Court has found a party's litigation history to be relevant when determining whether to stay discovery pending the resolution of a motion to dismiss based on facial challenges. *Allmond v. Duval County*, No. 3:08-cv-486-J-34TEM, 2008 WL 4833099, at *2 (M.D. Fla. Nov. 5, 2008).

In deciding whether to stay discovery pending resolution of a motion to dismiss, however, the Court must additionally balance the harm that might be produced by a delay

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

in discovery against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery. *Feldman,* 176 F.R.D. at 652. This involves weighing the likely costs and burdens of proceeding with discovery. *Id.*

Notwithstanding Plaintiffs' assertions to the contrary, the Court does not find Plaintiffs would be prejudiced by a brief delay of discovery at this juncture. To illustrate, the Court has not yet entered a Case Management and Scheduling Order. Thus, should the case proceed, Plaintiffs will likely be provided ample opportunity to conduct discovery and prepare the case for trial.

Based on the foregoing, the Court finds the requisite good cause exists for entry of a stay of discovery. Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Stay Discovery Pending Adjudication of Pending Motion to Dismiss Second Amended Complaint (Doc. #35) is **GRANTED**.

2. Discovery shall be stayed until the District Court has ruled on the pending motion to dismiss Plaintiffs' second amended complaint (Doc. #23).

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of December, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge