September 4, 2010

Andrew P. Moore, II
702 Meadowbrook Drive, #10
Orange Park, FL. 32073

Constangy, Brooks & Smith, LLP
Attn: Attorney Gary Wheeler
200 West Forsyth Street, Suite 1700
Post Office Box 41009
Jacksonville, Florida 32202

Re: Discovery Requests and Pre-Deposition Notice
(*Moore et al. vs. Shands Jacksonville Medical Center, et al.*, Case No. 3:09-cv-298-J-34TEM)

Dear Attorney Wheeler,

Please find enclosed Original Admission Requests and Production of Document Requests to Defendant Shands Jacksonville Medical Center, Inc. This is to also serve notice that the Plaintiffs intend to arrange for the taking of the depositions of the following witnesses and Defendants:

Shands Jacksonville Medical Center, Inc. ("Shands")
Paul Reis
Jim Burkhart
Lesli Ward
Rich Rivera
Becky Nathanson
Gregory Miller
William Valree
Anthony Ross
Dan Staifer

Please inform me or any of the other Plaintiffs of the dates that the afore-identified Defendants and witnesses will be available in November, 2010 for the taking of their depositions. It is also requested that Defendant Shands designate a representative for itself. Please provide us with this information as soon as possible so that deposition notices may be properly and promptly served.

Sincerely,

Andrew P. Moore, II
Plaintiff

Encl/

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**ANDREW P. MOORE, II, et al.**
**PLAINTIFFS**

**CASE NO.  3:09-cv-298-J-34TEM**

**vs.**

**SHANDS JACKSONVILLE**
**MEDICAL CENTER, INC., et al.**
**DEFENDANTS.**

_____/

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT SHANDS JACKSONVILLE MEDICAL CENTER, INC.

Pursuant to Fed.R.Civ.P. 34, of the Federal Rules of Civil Procedure, Plaintiffs hereby request that

Defendant Shands Jacksonville Medical Center, Inc. produce the requested documents numbered #1

through #18 specified below for inspection and copying by the undersigned at its office(s) or elsewhere.

All documents are to be produced and served on the Plaintiffs within thirty (30) days after service of this

Request For Production Of Documents And Things, and be organized and labeled in a manner which

clearly indicates the particular request to which the document is responsive.

## DEFINITIONS AND INSTRUCTIONS

A. If any document is being withheld based on any claim of privilege, identify as to each privileged

document: (1) its date; (2) its author(s); (3) the business title or position of its author(s); (4) its recipi-

ents(s); (6) its number of pages, (7) its subject matter; (8) the legal basis upon which you claim privi-

lege; and (9) the specific number to which the document is responsive.

B. If documents once in your possession or under your control are no longer in your possession or under your control, state when such documents were most recently in your possession or under your control and what disposition was made of them, including the identity of the person(s) now in possession of or exercising control over such documents. If the documents were destroyed, state the date and identify the location where they were destroyed, the reason(s), purpose for, or circumstances under which they were destroyed, and identify the person or persons who directed their destruction.

C. The terms **"document"** or **"document"** in this request shall refer to all writings and recorded materials of any kind that are or have been in your possession, control, or custody, and/or the possession, control or custody of your employees, agents, or representatives of which they have knowledge, whether originals or copies. Such writings or recordings include but are not limited to contracts, journals, notes, manuals, drafts, interoffice memoranda, letters, transcriptions, research materials, correspondence, logs, forms, bank or financial statements, check stubs, tax invoices, pictures, diagrams, whether transcribed by hand or by some mechanical, electronic, photographic or other means as well as sound reproductions of oral statements or conversations by whatever means made, relating to or pertaining in any way to the subject matters in connection with this case and includes originals, computer print-outs or tapes, reports, statistical computations, studies, charts, minutes, manuals, pamphlets, or books of all nature & kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings including video surveillance tape recordings, written memoranda of telephone conversations, discussions, agreements, acts & activities, other recordings whether for computer, audio, or visual replay, or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded, handbooks, scrapbooks, notebooks, bulletins, circulars, notices, statements, telegrams, reports, intra-office communications, photostats, microfilm, and deposition transcripts, whether prepared by you for your own use, or for transmittal, or received by you.

D. The term **"representative"** means any and all of your agents, servants, and or employees.

E. The terms, **"you"** in these production requests refer to Shands Jacksonville Medical Center, Inc., through its official designated agent(s) or representative(s).

F. The term **"Plaintiffs"** refer to Andrew P. Moore, II, Nathan Smalls, Jr., Beverly Williams, Joel Tappin, Yolanda Emanuel, and Julio Wilson unless otherwise indicated.

## DOCUMENT REQUESTS

**Request #1.** Copy of any and all internal employment discrimination complaints submitted to you within the last three years by Beverly Williams, Joel Tappin, Yolanda Emanuel, Andrew Moore, and/or Nathan Smalls.

**Request #2.** Copy of all payroll records and documents containing the pay/salary rate of the Plaintiffs.

**Request #3.** Copy of all payroll records and documents containing the pay/salary rate of **all** (part-time and full-time) White/Caucasion Shands Security Officers hired by you within the last ten years (whether presently employed or separated) including Security Officers Shane Burleson, Steven Tompkins, Fred Styles, Brian Roberts, Daryl Parson, Joseph Arnold, and Chad Steward.

**Request #4.** Copy of payroll records of Security Officers Omar-Munoz Rosa and Jesus Alvarez.

**Request #5.** Copy of all contracts in your possession or under your control within the last 10 years that were entered between you and the United States Government including contracts requiring Affirmative Action Programs and Equal Employment Opportunity for women and minorities.

**Request #6.** Copy all Affirmative Action Programs in your possession or under your control within the last 10 years including those pertaining to Equal Employment Opportunity for minorities and women.

**Request #7.** Copy of all documents in your possession or under your control within the last 10 years that contain information related to your policies regarding Equal Employment Opportunity programs, anti-discrimination programs, anti-retaliation programs, and anti-harassment programs.

**Request #8.** Copy of all documents received by you from the OFCCP (Office of Federal Contract Compliance Programs) as well as all documents that you provided to the OFCCP related to the OFCCP investigation of Plaintiffs' charges in the OFCCP Complaint, No. I00149932 and I00150019.

**Request #9.**  Copy of two letters containing Shands' Equal Employment Opportunity and Affirmative Action policies that are signed and dated July 1, 2006 and January 1, 2009, respectively, by Defendant Jim Burkhart, and that bear the following phrases in the caption of the letters:

"TO:  ALL EMPLOYEES AND JOB APPLICANTS

FROM:  Jim Burkhart, President/Administrator, Shands Jacksonville

Re:  EQUAL EMPLOYMENT OPPORTUNITY/AFFIRMATIVE ACTION POLICY"

**Request #10.**  Copy of all documents that are/were in your possession or under your control within the last 3 years containing the job description and job duties of the position, "Security Dispatcher".

**Request #11.**  Copy of all "Daily Rotation Schedules" assigning Plaintiffs Nathan Smalls, Jr., Beverly Williams, Andrew P. Moore, II, Joel Tappin, and Julio Wilson to work as security dispatchers.

**Request #12.**  Copy of any and all written statements by anyone within the last 5 years pertaining to the job performance, behavior, conduct, and or character of any of the Plaintiffs.

**Request #13.**  Copy of all personnel records and Security Department files pertaining to the Plaintiffs.

**Request #14.**  Copy of all Shands job applications completed by Plaintiffs' Andrew P. Moore, II, Nathan Smalls, Jr., Beverly Williams, Joel Tappin, Yolanda Emanuel, and Julio Wilson.

**Request #15.**  Copy of all Shands job applications completed by all White applicants within the last five years for the position, security officer, including both part-time and full-time positions.

**Request #16.**  Copy of all documents relevant to your decision to take adverse actions against Plaintiffs Smalls, Williams, Emanuel, and Moore including all disciplinary "write-ups", suspensions, and discharges imposed against any of them, all documents presented or included in your internal grievance appeals process, and all written statements received from witnesses or others relevant to such adverse actions including written statements by former Security Officers Christopher Smith and Melvin Loyal.

**Request #17.**  Copy of all job performance appraisals of Plaintiff Moore.

**Request #18.** Copy of the following video surveillance tape footage:

(a) July 13, 2008, from 8:30 a.m. to 10:30 a.m. at the Emergency Triage Post at the Clinical Center;

(b) September 27, 2008, from 8:00 a.m. to 9:30 a.m. at the C.O.U. Post in the Clinical Center;

(c) March 11, 2009, from 6:15 a.m. to 1:00 p.m. at the Emergency Triage Post at the Clinical Center;

(d) March 11, 2009, from 12:00 p.m. to 1:00 p.m. on 1st Floor lobby in front of main desk at Tower I;

(e) June 12, 2009, from 6:00 a.m. to 6:45 a.m. in the briefing room at the UDC Building;

(f) June 12, 2009, from 10:00 a.m. to 2:35 p.m. in the Security Dispatch Office at the Clinical Center;

(g) June 12, 2009, from 2:20 p.m. to 3:00 p.m. in Anthony Ross' office at the UDC Building;

(h) June 16, 2009, from 6:30 a.m. to 8:50 a.m. at the Emergency Triage Post at the Clinical Center;

(i) June 22, 2009, from 12:30 p.m. to 2:30 p.m. at the Emergency Triage Post at the Clinical Center;

(j) June 22, 2009, from 2:15 p.m. to 3:15 p.m. in Anthony Ross' office at the UDC Building.

(k) Copy of any surveillance tape that contains footage of Security Officer Shane Burleson reading a newspaper on his post at the Close Observation Unit (C.O.U.).

(l) Copy of any and all surveillance tape footage relevant to alleged actions of Plaintiff Emanuel at the C.O.U. (alleged eating, sleeping, and using a cell phone) for which you contend support the discharge of Plaintiff Emanuel on October 22, 2008.

(m) Copy of any and all surveillance tape footage relevant to alleged actions of Plaintiff Moore on November 18, 2009 at the C.O.U. (alleged failure to follow work instructions, discourteous, insubordination, ... etc.) for which you contend support the suspension and discharge of Plaintiff Moore on November 21, 2009 and November 30, 2009, respectively.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the attached document(s) was sent by regular mail on
*SEPTEMBER 4 2010*   unless otherwise indicated below to:

Constangy, Brooks & Smith, LLP
200 West Forsyth Street, Suite 1700
Post Office Box 41009
Jacksonville, Florida 32202

Respectfully Submitted,

Andrew P. Moore, II, *Pro Se*  Plaintiff
702 Meadowbrook Dr., Apt. 10, Orange Park, FL. 32073; Tele No. (904) ~~589-4974~~   *418-0663*

Nathan Smalls, Jr., *Pro Se*  Plaintiff
3671 Kirkpatrick Circle, Unit #7, Jacksonville, FL. 32210; Tele No. (904) 910-4595

Beverly Williams, *Pro Se*  Plaintiff
5814 Legrande St., West, Jacksonville, FL. 32244; Tele No. (904) 772-8904

Julio Wilson, *Pro Se*  Plaintiff
517 Portobello Drive, Jacksonville, FL. 32221; Tele No. (904) 695-0103

Yolanda Emanuel, *Pro Se*  Plaintiff
1620 Bartram Road, Apt 3201, Jacksonville, FL. 32207; Tele No. (904) 517-4504

Joel Tappin, *Pro Se*  Plaintiff
7225 Karenita Drive, Jacksonville, FL. 32210; Tele No. (904) 707-7568

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

ANDREW P. MOORE, II, et. al.,

                Plaintiffs,

Case Number: 3:09-CV-298-J-34TEM

v.

SHANDS JACKSONVILLE MEDICAL
CENTER, INC., et. al.,

                Defendants.

_____/

### DEFENDANT SHANDS JACKSONVILLE MEDICAL CENTER, INC.'S
### OBJECTIONS AND RESPONSES TO PLAINTIFFS'
### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

COMES NOW Defendant, Shands Jacksonville Medical Center, Inc., et. al. (hereinafter "Defendant"), by and through its undersigned attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and hereby serves its Objections and Responses to Plaintiffs' Request for Production of Documents and Things to Defendant as follows:

### GENERAL OBJECTION

1.    Defendant objects to Plaintiffs' Request for Production of Documents and Things to Defendant to the extent that it requires Defendant to provide any information other than what is required under Rule 34 of the Federal Rules of Civil Procedure.

2.    Defendant objects to Plaintiffs' Request for Production of Documents and Things to Defendant to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Any inadvertent disclosure by Defendant of any information protected by any privilege shall not constitute a waiver of that privilege.

*EXHIBIT B*

**Request No. 1:**

Copy of any and all internal employment discrimination complaints submitted to you within the last three years by Beverly Williams. Joel Tappin. Yolanda Emanuel. Andrew Moore, and/or Nathan Smalls.

**Response to Request No. 1:**

Defendant objects to this request as duplicative of Request No. 5 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 2:**

Copy of all payroll records and documents containing the pay/salary rate of the Plaintiffs.

**Response to Request No. 2:**

Defendant objects to this request as duplicative of Request No. 1 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 3:**

Copy of all payroll records and documents containing the pay/salary rate of **all** (part-time and full-time) White/Caucasian Shands Security Officers hired by you within the last ten years (whether presently employed or separated) including Security Officers Shane Burleson, Steven Tompkins, Fred Styles, Brian Roberts, Daryl Parson, Joseph Arnold, and Chad Steward.

**Response to Request No. 3:**

Defendant objects to this request as overly broad, unduly burdensome, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving this objection, documents reflecting that hourly rates paid to Shane Burleson, Steven Tomkins, Fred Styles, Brian Roberts, Joesph Arnold,

and Chad Stewart have previously been produced in response to Request No. 2 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 4:**

Copy of payroll records of Security officer Omar-Munoz Rosa and Jesus Alvarez.

**Response to Request No. 4:**

Defendant objects to this request as overly broad, unduly burdensome, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, documents reflecting that hourly rates paid to Omar-Munoz Rosa have previously been produced in response to Request No. 2 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 5:**

Copy of all contracts in your possession or under your control within the last 10 years that were entered between you and the United States Government including contracts requiring Affirmative Action Programs and Equal Employment Opportunity for women and minorities.

**Response to Request No. 5:**

Defendant objects to this request as overly broad, unduly burdensome, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, documents responsive to this request but limited to the past five (5) years have been previously produced in response to Request No. 14 of Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 6:**

Copy of all Affirmative Action Programs in your possession or under your control within the last 10 years including those pertaining to Equal Employment Opportunity for minorities and women.

**Response to Request No. 6:**

Defendant objects to this request as duplicative of Request No. 15 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.   Defendant further objects to this request as not relevant to any claim or defense in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7:**

Copy of all documents in your possession or under your control within the last 10 years that contain information related to your policies regarding Equal Employment Opportunity programs, anti-discrimination programs, anti-retaliation programs, and anti-harassment programs.

**Response to Request No. 7:**

Defendant objects to this request as duplicative of Request No. 10(f) from Plaintiffs' First Request for Production of Documents served on April 21, 2010. Defendant further objects to the overly broad temporal scope of this request.

**Request No. 8:**

Copy of all documents received by you from the OFCCP (Office of Federal Contract Compliance Programs) as well as all documents that you provided to the OFCCP related to the OFCCP investigation of Plaintiffs' charges in the OFCCP Complaint. No. 100149932 and 100150019.

**Response to Request No. 8:**

Defendant objects to this request as seeking documents subject to the work product doctrine.

**Request No. 9:**

Copy of two letters containing Shands' Equal Employment Opportunity and Affirmative Action policies that are signed and dated July 1, 2006 and January 1, 2009, respectively, by Defendant Jim Burkhart, and that bear the following phrases in the caption of the letters:

"TO: ALL EMPLOYEES AND JOB APPLICANTS

FROM: Jim Burkhart, President/Administrator, Shands Jacksonville

Re:   EQUAL   EMPLOYMENT   OPPORTUNITY/AFFIRMATIVE   ACTION POLICY"

**Response to Request No. 9:**

Documents responsive to this request have been previously produced in response to Request No. 14 of Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 10:**

Copy of all documents that are/were in your possession or under your control within the last 3 years containing the job description and job duties of the position, "Security Dispatcher".

**Response to Request No. 10:**

None.

**Request No. 11:**

Copy of all "Daily Rotation Schedules" assigning Plaintiffs Nathan Smalls, Jr., Beverly Williams, Andrew P. Moore, II, Joel Tappin, and Julio Wilson to work as security dispatchers.

**Response to Request No. 11:**

Defendant objects to this request as overly broad, unduly burdensome, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 12:**

Copy of any and all written statements by anyone within the last 5 years pertaining to the job performance, behavior, conduct, and or character of any of the Plaintiffs.

**Response to Request No. 12:**

Defendant objects to this request to the extent that it seeks requested records regarding "all written statements by anyone" because that request is overly broad, unduly burdensome, not relevant to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendant has produced Plaintiffs' personnel files in response to Request No. 8 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 13:**

Copy of all personnel records and Security Department files pertaining to Plaintiffs.

**Response to Request No. 13:**

Defendant objects to this request as duplicative of Request Nos. 8, 18, 20, 24, 26, and 27 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 14:**

Copy of all Shands job applications completed by Plaintiffs' Andrew P. Moore, II, Nathan Smalls, Jr., Beverly Williams, Joel Tappin, Yolanda Emanuel, and Julio Wilson.

**Response to Request No. 14:**

Defendant has produced documents responsive to this request in response to Request No. 8 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 15:**

Copy of all Shands job applications completed by all White applicants within the last five years for the position, security officer, including both part-time and full-time positions.

**Response to Request No. 15:**

Defendant objects to this request as overly broad, unduly burdensome, not relevant to any claim or defense in this matter, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 16:**

Copy of all documents relevant to your decision to take adverse actions against Plaintiffs Smalls, Williams, Emanuel, and Moore including all disciplinary "write-ups", suspensions, and discharges imposed against any of them, all documents presented or included in your internal grievance appeals process, and all written statements received from witnesses or others relevant to such adverse actions including written statements by former Security Officers Christopher Smith and Melvin Loyal.

**Response to Request No. 16:**

Defendant has produced documents responsive to this request in response to Request No. 8 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 17:**

Copy of all job performance appraisals of Plaintiff Moore.

**Response to Request No. 17:**

Defendant has produced documents responsive to this request in response to Request No. 8 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

**Request No. 18:**

Copy of the following video surveillance tape footage:

(a)     July 13, 2008, from 8:30 a.m. to 10:30 a.m. at the Emergency Triage Post at the Clinical Center;

(b)     September 27, 2008, from 8:00 a.m. to 9:30 a.m. at the C.O.U. Post in the Clinical Center;

(c)     March 11, 2009, from 6:15 a.m. to 1:00 p.m. at the Emergency Triage Post at the Clinical Center;

(d)     March 11, 2009, from 12:00 p.m. to 1:00 p.m. on 1st Floor lobby in front of main desk at Tower I;

(e)     June 12, 2009, from 6:00 a.m. to 6:45 a.m. in the briefing room at the UDC Building;

(f)     June 12, 2009, from 10:00 a.m. to 2:35 p.m. in the Security Dispatch Office at the Clinical Center;

(g)     June 12, 2009, from 2:20 p.m. to 3:00 p.m. in Anthony Ross' office at the UDC Building;

(h)     June 16, 2009, from 6:30 a.m. to 8:50 a.m. at the Emergency Triage Post at the Clinical Center;

(i)     June 22, 2009, from 12:30 p.m. to 2:30 p.m. at the Emergency Triage Post at the Clinical Center;

(j)    June 22, 2009, from 2:15 p.m. to 3:15 p.m. in Anthony Ross' office at the UDC Building;

(k)    Copy of any surveillance tape that contains footage of Security Officer Shane Burleson reading a newspaper on his post at the Close Observation Unit (C.O.U.).

(l)    Copy of any and all surveillance tape footage relevant to alleged actions of Plaintiff Emanuel at the C.O.U. (alleged eating, sleeping, and using a cell phone) for which you contend support the discharge of Plaintiff Emanuel on October 22, 2008.

(m)    Copy of any and all surveillance tape footage relevant to alleged actions of Plaintiff Moore on November 18, 2009 at the C.O.U. (alleged failure to follow work instructions, discourteous, insubordination, ...etc.) for which you contend support the suspension and discharge of Plaintiff Moore on November 21, 2009 and November 30, 2009, respectively.

**Response to Request No. 18:**

Defendant objects requests 18(a) through 18(k) as not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant has already provided copies of recordings requested in Request 18(l) in response to Request No. from Plaintiffs' Amended and Supplemental Request to Produce.  Additionally, Defendant has already provided a copy of the recording requested in Request 18(m) in response to Request No. 32 from Plaintiffs' First Request for Production of Documents served on April 21, 2010.

DATED this 7th day of October, 2010.

Respectfully submitted,

CONSTANGY, BROOKS & SMITH, LLP
Post Office Box 41099
Jacksonville, Florida  32203

Telephone: (904)356-8900
Facsimile: (904)356-8200

By: _____

John F. Dickinson
Florida Bar No. 198651
jdickinson@constangy.com
F. Damon Kitchen
Florida Bar No. 861634
dkitchen@constangy.com
Gary R. Wheeler
Florida Bar No. 131865
gwheeler@constangy.com

Attorneys for Defendant, Shands
Jacksonville Medical Center, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Defendant Shands Jacksonville Medical Center, Inc.'s Objections and Responses to Plaintiffs' Request for Production of Documents and Things to Defendant Shands Jacksonville Medical Center, Inc. has been served this 7th day of October, 2010, via U.S. Mail to the following:

| Andrew P. Moore, II<br>702 Meadowbrook Drive, Apt. 10<br>Orange Park, FL 32073 | Nathan Smalls, Jr.<br>3671 Kirkpatrick Circle, Unit 7<br>Jacksonville, FL 32210 |
| --- | --- |
| Beverly Williams<br>5814 Legrande Street West<br>Jacksonville, FL 32244 | Julio Wilson<br>517 Portobello Drive<br>Jacksonville, FL 32221 |
| Yolanda Emanuel<br>1620 Bartram Road, Apr. 3201<br>Jacksonville, FL 32207 | Joel Tappin<br>7225 Karenita Drive<br>Jacksonville, FL 32210 |

_____
Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ANDREW P. MOORE, II, et al.
**PLAINTIFFS**

**CASE NO.  3:09-cv-298-J-34TEM**

vs.

SHANDS JACKSONVILLE
MEDICAL CENTER, INC., et al.
**DEFENDANTS.**

_____/

## PLAINTIFFS' SET OF
## INTERROGATORIES TO DEFENDANT LESLI WARD

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby propound an original and one copy of the following Interrogatories numbered (1) through (24) on Defendant Lesli Ward. These interrogatories are to be answered fully, in writing, signed, and under oath by Defendant Lesli Ward, and served on the Plaintiffs within thirty (30) days after the date of service hereof.

## DEFINITIONS AND INSTRUCTIONS

A. Each interrogatory should be answered upon your entire knowledge from all sources and all information in your possession and/or control or otherwise available from pertinent sources including from your offices, departments, clinics, employees, agents, representatives, attorneys (whether "in-house attorneys or other attorneys representing you), attorneys' investigators, or consultants, and information which is known by each of them.  An incomplete or evasive answer is a failure to answer.

*EXHIBIT C*

B.  Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly explained so that it is understandable. If you cannot answer any or all of the following interrogatories in full after exercising due diligence, state your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions. If you subsequently obtain information which renders their answers, you are obligated to serve amended answers on the undersigned.

C.  If you feel that any of the interrogatories are ambiguous or unclear in any way, you should notify the Plaintiffs as soon as possible so that the item(s) may be properly clarified prior to the preparation of the written response(s).

D.  Each response shall indicate (a) the identity of each person who participated in the preparation of the answer to the interrogatory and (b) the date on which the response was prepared.

E.  "Identify" when used with reference to a document means to state as applicable: (a) the type of document; (b) the date of the document; (c) the name & present address of the originator thereof; (d) the name and present address of each signatory thereto; and the name and address of its present custodian.

F.  If any information is being withheld based on any claim of privilege, identify as to each privileged document: (1) its date; (2) its author(s); (3) the business title or position of its author(s); (4) its recipients(s); (6) its number of pages, (7) its subject matter; (8) the legal basis upon which you claim privilege; and (9) the specific number to which the information is responsive.

G.  If information once in your possession or under your control is no longer in your possession or under your control, state when such information was most recently in your possession or under your control and what disposition was made of it, including the identity of the person(s) now in possession of or

exercising control over such information.  If the information was destroyed, state the date and identify the location where such information was destroyed, the reason(s), purpose for, or circumstances under which it was destroyed, and identify the person or persons who directed its destruction.

H. The terms **"document"** or **"documents"** in these interrogatories shall refer to all writings and recorded materials of any kind that are or have been in your possession, control, or custody, and/or the possession, control or custody of your employees, agents, or representatives of which they have knowledge, whether originals or copies.  Such writings or recordings include but are not limited to contracts, journals, manuals, notes, drafts, interoffice memoranda, letters, transcriptions, research materials, correspondence, logs, forms, bank or financial statements, tax invoices, pictures, diagrams, whether transcribed by hand or by some mechanical, electronic, photographic or other means as well as sound reproductions of oral statements or conversations by whatever means made, relating to or pertaining in any way to the subject matters in connection with this case and includes originals, computer print-outs or tapes, reports, statistical computations, studies, charts, minutes, manuals, pamphlets, or books of all nature & kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings including video surveillance tape recordings, written memoranda of telephone conversations, discussions, agreements, acts & activities, other recordings whether for computer, audio, or visual replay, or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded, handbooks, scrapbooks, note-books, bulletins, circulars, notices, statements, telegrams, reports, intra-office communications, photostats, microfilm, and deposition transcripts, whether prepared by you for your own use or for transmittal or received by you.

I. **"Identify"** with reference to a person means to provide the person's full name, current home and work addresses and telephone numbers, occupation, and his or her business relationship to you.

J. The term **"representative"** means any and all of your agents, servants, and or employees.

K. The term, **"you"** in these interrogatories refer to Defendant Lesli Ward, acting in her official or corporate capacity as an agent or representative of Shands Jacksonville Medical Center, Inc.

L. The term, **"Shands"** refer to Shands Jacksonville Medical Center, Inc.

M. The term **"Plaintiffs"** refer to Andrew P. Moore, II, Nathan Smalls, Jr., Beverly Williams, Joel Tappin, Yolanda Emanuel, and Julio Wilson unless otherwise indicated.

**INTERROGATORY #1.**   Identify any and all persons who you intend to present as witnesses during these proceedings at deposition and or at trial in defense of this instant civil action.

**INTERROGATORY #2.**   Identify any and all documents you intend to present during these proceedings at deposition and or at trial in your defense of this instant civil action.

**INTERROGATORY #3.**  If you hired any persons whose race is White/Caucasian for the position of Security Officer at a higher pay rate than you were paying the Plaintiffs at such time you hired any such White/Caucasian persons, state the specific reason(s) why.

**INTERROGATORY #4.** Identify any and all persons whose race is White/Caucasian whom you hired for the position of Security Officer at a higher pay rate than you were paying the Plaintiffs at such time you hired any such White/Caucasian persons, and state the specific amount of starting pay rate that you paid any such White/Caucasian persons when you hired them.

**INTERROGATORY #5.** In reference to the preceding interrogatory, state the relevant job experience, qualifications, and education level that each White/Caucasian person had at the time you hired them.

**INTERROGATORY #6.**   State whether or not you considered the relevant job experience, qualifications, and education level of the Plaintiffs when you hired them, and if you did not, explain why.

**INTERROGATORY #7.**    Specifically describe the job experience, qualifications, and level of education that was required within the last five years for an applicant to get hired by you for the position, Security Officer.

**INTERROGATORY #8.**   State the starting salary range for the position, Security Officer, as of April 15, 2008.

**INTERROGATORY #9.**   Identify the person or persons responsible for inserting data into Shands official website to reflect the pay/salary for the position, Security Officer, was  $8.86 to $13.03 per hour in January, 2009, and state the reason why such person(s) inserted such data.

**INTERROGATORY #10.**   Identify all contracts in your possession or under your control within the last 10 years that you obtained from the United States Government, which require Affirmative Action Programs and Equal Employment Opportunity for women and minorities.

**INTERROGATORY #11.**   Identify any and all documents in your possession or under your control within the last 10 years that contain information regarding Affirmative Action Programs and Equal Employment Opportunity for minorities and women.

**INTERROGATORY #12.**  Identify Shands Equal Employment Opportunity/Affirmative Action policy.

**INTERROGATORY #13.**   Identify any and all documents in your possession or under your control within the last 10 years that contain information about your policies regarding Equal Employment Opportunity/Affirmative Action Programs including any anti-discrimination programs, anti-retaliation programs, anti-harassment programs, and anti-sexual harassment programs.

**INTERROGATORY #14.**   Identify any or all internal discrimination complaints you received from any of the Plaintiffs, the date(s) you received them, and state what remedial actions if any that you took after receiving those discrimination complaints.

**INTERROGATORY #15.**   Explain the specific reason(s) why Plaintiff Moore was not granted or given an internal job interview for the internal job positions he applied for: Front Office Supervisor and Manager, Security Administration & Investigation.

**INTERROGATORY #16.**

Indentify all Shands job positions/vacancies that were posted on your bulletin board(s) from January, 2008 through August, 2008 and include the rate of pay/salary for each job position.

**INTERROGATORY #17.**   Describe the job description and job duties for the position, Shands Security Officer.

**INTERROGATORY #18.**   Describe the job description and job duties for the position, Shands Security Dispatcher.

**INTERROGATORY #19.**  Explain the reason(s) why testimony and evidence of unlawful discrimination against Plaintiff Emanuel was rejected at the appeals hearing of her discharge.

**INTERROGATORY #20.** In reference to your charges against Plaintiff Moore for which you contend support your decision to terminate his employment, specifically describe the work instructions that he allegedly failed to follow, his conduct for which you claim constitutes insubordination, and identify the person(s) he was allegedly insubordinate to.

**INTERROGATORY #21.** Specifically explain why you suspended or terminated your internal grievance process, which prevented Plaintiff Moore to appeal his discharge.

**INTERROGATORY #22.**   In reference to your statement that the following individuals were involved in the termination of Plaintiff Moore's employment, specifically describe each individual's involvement, identify the date(s) that each individual was involved, and state whether Jim Burkhart and Gregory Miller were also involved and the extent of their involvement:

Lesli Ward, Dan Staifer, William Valree, Anthony Ross, Paul Reis, and Becky Nathanson.

**INTERROGATORY #23.**   In reference to your statement that you relied on information from the following individuals to support your decision to terminate the employment of Plaintiff Moore, specifically state the exact information that you relied on from each individual, the date(s) you received such information, and the manner in which each individual provided you with such information, or in which you received it (i.e. in person, by telephone, in written form, ... etc.):

Plaintiff Moore, William Valree, Omar-Munoz Rosa, Jesus Alvarez, Paul Carswell, Rachel Mack, Juaquina Adams, Kalundra Johnson, Marcus Hardeway, Craig Carpenter, Jesus Alvarez.

**INTERROGATORY #24.** Specifically explain why you initially contested Plaintiff Moore's claim for unemployment benefits by reporting to the Florida Unemployment Compensation Appeals that Plaintiff Moore was discharged for insubordination and misconduct, and why you subsequently failed to appear at the scheduled Appeals Hearing and failed to present any evidence of insubordination or misconduct ascribed to Plaintiff Moore which resulted in the Florida Unemployment Compensation Appeals rejecting your charges of insubordination and misconduct against Plaintiff Moore.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the attached document(s) was sent by regular mail on _September 7, 2010_ unless otherwise indicated below to:

Constangy, Brooks & Smith, LLP
200 West Forsyth Street, Suite 1700
Post Office Box 41009
Jacksonville, Florida 32202

Respectfully Submitted,

Andrew P. Moore, II, _Pro Se_  Plaintiff
702 Meadowbrook Dr., Apt. 10, Orange Park, FL. 32073; Tele No. (904) 589-4974

Nathan Smalls, Jr., _Pro Se_ Plaintiff
3671 Kirkpatrick Circle, Unit #7, Jacksonville, FL. 32210; Tele No. (904) 910-4595

Beverly Williams, _Pro Se_  Plaintiff
5814 Legrande St., West, Jacksonville, FL. 32244; Tele No. (904) 772-8904

Julio Wilson, _Pro Se_  Plaintiff
517 Portobello Drive, Jacksonville, FL. 32221; Tele No. (904) 695-0103

Yolanda Emanuel, _Pro Se_  Plaintiff
1620 Bartram Road, Apt 3201, Jacksonville, FL. 32207; Tele No. (904) 517-4504

Joel Tappin, _Pro Se_  Plaintiff
7225 Karenita Drive, Jacksonville, FL. 32210; Tele No. (904) 707-7568