UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW P. MOORE, II,
*et al.*,
          Plaintiffs,

vs.                                           CASE NO. 3:09-cv-298-J-34TEM

SHANDS JACKSONVILLE
MEDICAL CENTER, INC., *etc.*,
*et al.*,

          Defendants.
_____

**O R D E R**

      This matter is before the Court on Plaintiffs' emergency motion to compel discovery responses (Doc. #125, Motion), filed November 26, 2010. Upon review of the Motion, the Court determined a shortened response period was in order. Consequently, the Court directed Defendant Shands Jacksonville Medical Center, Inc. ("Defendant Shands") and Defendant Lesli Ward ("Defendant Ward") to file responses on an expedited basis. Such responses were file on December 2, 2010 (Doc. #128; Doc. #129). For the reasons stated herein, the Motion (Doc. #125) with respect to Defendant Ward will be granted in part and denied in part. A separate Order will enter on the Motion as it relates to Defendant Shands.

      This action involves a civil rights complaint brought by Plaintiffs arising out of, *inter alia*, alleged unlawful race and sex-based employment discrimination (*see* Doc. #57, Revised Third Verified Amended Complaint). Plaintiffs are proceeding *pro se*.

      In the Motion, Plaintiffs move the Court to compel Defendant Ward (a human resources employee at Shands Jacksonville Medical Center, Inc. who is being sued in her

individual capacity) to respond to various interrogatories that were served upon her on September 7, 2010 (Doc. #125 at 2). On October 11, 2010, Defendant Ward served answers and objections to Plaintiffs' requests (*see* Doc. #125-2), which Plaintiffs maintain are either incomplete or that the objections made are unfounded (Doc. #125 at 8-12).[1]

Regarding Plaintiffs motion to compel responses to Interrogatories #1 and #2, the requests are denied insofar as the information sought should have already been disclosed by way of initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rues of Civil Procedure. Further, Rules 26(a)(3)(A) and (B) provide that identification of witnesses and exhibits that are to be presented at trial need not be disclosed until thirty (30) days before the scheduled trial date.[2] As the trial is currently scheduled for August 1, 2011, such information need not be disclosed until July 1, 2011 (*see* Doc. #74, Case Management and Scheduling Order).

As to Interrogatories #3, #4, #5, #6, #7, and #9, the Court finds they have been answered.

Concerning, Interrogatories #10, #11, #13, #16, the Court finds, to the extent they have not already been answered, such requests are overly broad. For instance, in Interrogatories #10, #11, #13, Plaintiffs ask Ms. Ward to produce various documents related to equal employment opportunity programs, anti-discrimination/retaliation programs, and government contracts in her possession or control for the past ten (10) years (Doc. #125 at 6). Plaintiffs' Revised Third Verified Amended Complaint, however, asserts claims

---

[1] It should be noted that Plaintiffs have apparently been under the misguided impression that she has been designated as Defendant Shands' Federal Rule of Civil Procedure 30(b)(6) witness (*see* Doc. #125 at 13; Doc. #128 at 2; Doc. #129 at 2-3).

[2] Disclosure of expert testimony is provided for in Rule 26(a)(2).

that are alleged to have occurred from September, 2007 and beyond (*see* Doc. 57). Thus, requests for such a broad range of documents (dating back to 2000) is simply too expansive in scope to be reasonably calculated to lead to admissible evidence. *See* Fed.R.Civ.P. 26(b)(1).

Moreover, despite the fact these interrogatories seek Defendant Ward's policies, rather than Defendant Shands' policies, Ms. Ward nevertheless referred Plaintiffs to documents that have already been produced by Defendant Shands—documents she determined were responsive to Plaintiffs' requests (Doc. #128 at 3). Those documents include, *inter alia*, the following Shands' policies that were in effect from September, 2007: (1) Affirmative Action Program; (2) Equal Employment Opportunity and Affirmative Action Policy; (2) Harassment, Sexual Misconduct and Inappropriate Workplace Conduct (*see e.g.*, Doc. #125-2 at 51-56; Doc. #128-5 at 2-5).

Based on the foregoing, the Court finds Defendant Ward has fully responded to Interrogatories #10, #11, and #13.

With respect to Interrogatory #16, the Court finds the request to "Identify **all** Shands job postings/vacancies that were posted on your bulletin board(s) from January, 2008 through August, 2008 and include the rate of pay/salary for each job position" (Doc. #125 at 6) (*emphasis added*) is simply too broad. During the time period in question, all the Plaintiffs to this action were security officers (*see* Doc. #57) and the claimed discrimination relates to alleged disparate treatment in relation to other security officers and/or positions; therefore, the request for Ms. Ward to identify <u>all</u> job postings is too broad. The Court, however, will grant Plaintiffs' request to the extent that Defendant Ward shall respond to this interrogatory by identifying (to the extent she is able to determine) all **security related**

job postings/vacancies that were posted on her bulletin board(s) from January 2008 through August 2008, and include the rate of pay/salary for each such job position.

Regarding Interrogatory #18, although there apparently is no job position of "Shands Security Dispatcher," it appears Shands security officers are sometimes assigned to perform dispatch related duties; therefore, Defendant Ward shall answer the question as it relates to the job duties of a security dispatcher.

The Court finds the answer to Interrogatory #22 to be sufficient and that the attorney-client privilege was asserted with sufficient clarity.

As to Interrogatory #24, the Court finds Defendant Ward's objections are unfounded. To illustrate, said interrogatory request that Ms. Ward:

> explain why you [Ms. Ward] initially contested Plaintiff Moore's claim for unemployment benefits by reporting to the Florida Unemployment Compensation Appeals that Plaintiff Moore was discharged for insubordination and misconduct, and why you subsequently failed to appear at the scheduled Appeals Hearing and failed to present any evidence of insubordination or misconduct ascribed to Plaintiff Moore which resulted in the Florida Unemployment Compensation Appeals rejecting your charges of insubordination and misconduct against Plaintiff Moore.

(Doc. #125 at 7-8).

Defendant Ward objects that such information is not relevant because she maintains that a challenge to a former employee's claim for unemployment compensation cannot be considered adverse employment action for purposes of a Title VII retaliation claim (Doc. #128 at 6-7). She states, "[m]ost of the courts that have addressed this issue have ruled that because an employer has a statutorily created legal right to contest a claim for unemployment compensation benefits, such conduct does not constitute adverse employment action." In support, Defendant Ward cites, *inter alia*, *Wright v. Life Start*

*Centers, Inc.*, which provides: "The law certainly permits an employer to oppose a former employee's claim for unemployment compensation; it is difficult to imagine circumstances in which a **legitimate challenge** could give rise to retaliation under Title VII." 2000 WL 1643781 at *3 (N.D. Ill. 2000) (*emphasis added*). This case, however, actually supports Plaintiffs' position.

To illustrate, the *Wright* court refers only to "legitimate" challenges to unemployment benefit claims, and goes on to state that where a plaintiff alleges the defendant made false statements in relation to the challenge, the defendants "cite[ed] no authority for refusing to allow a Title VII retaliation claim in these circumstances, and we are aware of none." *Id.* Here, the inference from the interrogatory question is that Defendant Ward's challenge to Plaintiff Moore's unemployment compensation claim was not legitimate and was, therefore, retaliatory. In *Burlington Northern & Santa Fe Ry. Co. v. White*, the Supreme Court of the United States broadened the scope of what is to be considered an adverse employment action, in retaliation cases, to include actions that are not necessarily related to an important condition of employment, so long as the actions are retaliatory in nature and would dissuade a "reasonable worker" from making or supporting a charge of discrimination. 548 U.S. 53, 57 (2006); *see also Crawford v. Carroll*, 529 F.3d 961, 973-75, n.15 (11th Cir. 2008) (reading *Burlington, supra*, "as significantly broadening the standard [in matters regarding retaliation] for both employment-related and non-employment-related employer conduct").

Based on the foregoing, Defendant Ward will be required to answer Interrogatory #24, as the Court finds it is relevant to Plaintiff Moore's claim(s) of retaliation.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' emergency motion to compel discovery responses (Doc. #125), as it relates to Defendant Lesli Ward, is **GRANTED in part and DENIED in part**.

2. Defendant Lesli Ward **shall respond** to **Interrogatory #16** as soon as practicable but **not later than December 20, 2010** by identifying (to the extent she is able to determine) all **security related** job postings/vacancies that were posted on her bulletin board(s) from January 2008 through August 2008, and include the rate of pay/salary for each such job position.

3. Defendant Lesli Ward shall answer **Interrogatory #18** (as the question relates to the job duties of a security dispatcher) as soon as practicable but **not later than December 20, 2010**.

4. Defendant Lesli Ward **shall respond** to **Interrogatory #24** as soon as practicable but **not later than December 20, 2010**.

5. The Motion (Doc. #125), as it relates to Defendant Lesli Ward, is **otherwise DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of December, 2010.

Copies to all counsel of record
and *pro se* Plaintiffs

THOMAS E. MORRIS
United States Magistrate Judge