**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANDREW P. MOORE, II,
NATHAN SMALLS, JR.,
BEVERLY WILLIAMS,
YOLANDA EMANUEL,
JULIO WILSON, and
JOEL TAPPIN,

    Plaintiffs,

v.                                        Case No.  3:09-cv-298-J-34PDB

SHANDS JACKSONVILLE MEDICAL
CENTER, INC.,
GREGORY MILLER,
LESLI WARD, and
DAN STAIFER,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff Yolanda Emanuel's Motion to Dismiss, with Prejudice, All Counts of the Original and Amended Complaints of the Subject Lawsuit that are Pertinent to Plaintiff Yolanda Emanuel (Doc. No. 277; Motion) filed on December 10, 2013. Defendant Shands Jacksonville Medical Center, Inc. filed a response to the Motion on December 20, 2013, consenting to the dismissal with prejudice but opposing dismissal without any obligation to pay costs. See Defendant's Response Consenting to in Part and Opposing in Part Plaintiff Yolanda Emanuel's Motion to Dismiss with Prejudice (Doc. No. 283; Response). Accordingly, this matter is ripe for disposition.

**I.     Background**

This is an employment discrimination lawsuit brought jointly by six current and former black employees of a hospital in Jacksonville, Florida: Andrew P. Moore, II, Nathan Smalls, Jr., Beverly Williams, Yolanda Emanuel, Julio Wilson, and Joel Tappin. See Revised Third Verified Amended Complaint and Jury Demand (Doc. No. 57; Complaint).  Defendant Shands Jacksonville Medical Center, Inc. ("Shands"), is the employer, and Defendants Gregory Miller, Lesli Ward, and Dan Staifer are upper-level managers at the hospital who are being sued in their individual capacities.  Defendants moved for summary judgment as to all of the Plaintiffs. See Doc. Nos. 185-190.  The Court granted summary judgment as to all claims in favor of Defendants and against Plaintiffs Smalls, Williams, Wilson, and Tappin. See Orders (Doc. Nos. 245-248) and Judgments in a Civil Case (Doc. Nos. 251-254).  As to Plaintiffs Emanuel and Moore, the Court granted summary judgment as to all but one of each Plaintiff's claims.  See Order (Doc. No. 249; Emanuel Summary Judgment Order); Order (Doc. No. 250; Moore Summary Judgment Order).

Specifically with respect to Emanuel's claims, the Court granted a defense motion for summary judgment as to all of the following claims: retaliation (Count V), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. ("Title VII"), and Title 42, United States Code, Section 1981 ("Section 1981"), as well as hostile work environment (Count VIII) and retaliatory hostile work environment (Count IX), in violation of Section 1981.  See generally Complaint; Emanuel Summary Judgment Order at 38-39.  The Court also granted summary judgment in favor of the remaining individual Defendants, Gregory Miller, Lesli Ward, and Dan Staifer.  See Emanuel Summary Judgment Order at 38.  As to Plaintiff

Emanuel's claim of race discrimination (Count I) against Defendant Shands, the Court granted summary judgment to the extent her claim is based on her compensation, her suspension, and her termination, but denied summary judgment to the extent her claim is based on her non-promotion to the position of Team Leader. Id. at 39. The Court then directed the parties to mediate the remaining failure to promote claim.[1] See id.

In her Motion, Plaintiff Emanuel represents that she consulted with an attorney and determined that, given the current stage of the proceedings and the cost of paying attorney's fees and further costs, it is in her best interests to seek dismissal of this action. See Motion at 2. Although Plaintiff Emanuel requests dismissal of all counts of the original and amended complaints that are pertinent to her, see id. at 1-2, the only claim subject to voluntary dismissal following the amendment of the Complaint and the entry of summary judgment is her failure-to-promote claim.[2] Accordingly, the Court addresses voluntary dismissal as to that claim only.

**II.    Voluntary Dismissal**

Upon the filing of an answer or a summary judgment motion, Rule 41(a)(2) of the Federal Rules of Civil Procedure (Rule(s)) governs a plaintiff's ability to voluntarily dismiss an action. See Rule 41(a)(1)-(2); see also Pontenberg v. Boston Scientific Corp., 252 F.3d

---

[1] After Plaintiff Emanuel filed the instant Motion, the Court relieved the parties of their obligation to attend mediation. See Endorsed Order (Doc. No. 281).

[2] Plaintiffs Moore, Tappin, Smalls and Wilson filed an opposition to the Motion, apparently under the impression that the dismissal of Plaintiff Emanuel's claims would result in the dismissal of their claims as well. See Plaintiff Moore's, Tappin's, Small's, and Wilson's Joint Opposition to Plaintiff Yolanda Emanuel's Motion to Dismiss with Prejudice (Doc. No. 282). However, Plaintiff Emanuel only seeks to dismiss her claims against Defendant. See generally Motion. Therefore, such a dismissal will not affect the claims of any other Plaintiff. Additionally, as noted above, the Court has already granted summary judgment against Plaintiffs Smalls, Wilson, and Tappin. See Orders (Doc. Nos. 245, 247 & 248); Judgments (Doc. Nos. 251, 253 & 254).

1253, 1255 (11th Cir. 2001).[3]  Specifically, Rule 41(a)(2) permits a plaintiff to voluntarily dismiss an action only "by court order, on terms that the court considers proper." Rule 41(a)(2).  This dismissal is without prejudice unless otherwise specified in the order of dismissal. See id.; see also Pontenberg, 252 F.3d at 1255.  A district court has broad discretion when considering a Rule 41(a)(2) motion for voluntary dismissal. See Pontenberg, 252 F.3d at 1255; see also In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1259 (11th Cir. 2006) ("The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court.").

"'[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent lawsuit, as a result.'" Pontenberg, 252 F.3d at 1255 (quoting McCants v. Ford Motor Co., Inc., 781 F. 2d 855, 856-57 (11th Cir. 1986)).  "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." Id. (quoting Durham v. Fla. E. Coast, Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)[4]).  However, the fact that a plaintiff may gain an advantage in future litigation will not act as a bar to a Rule 41(a)(2) voluntary dismissal. See McCants, 781 F.2d at 857; Der v. E.I. Dupont De Nemours & Co., 142 F.R.D. 344, 346 (M.D. Fla. 1992).  "Rather, the district court must exercise its broad equitable discretion . . . to weigh

---

[3]  Rule 41(a)(2) provides, in pertinent part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." In turn, Rule 41(a)(1) provides that, generally, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the defendant serves an answer or motion for summary judgment.

[4]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857; see also Pontenberg, 252 F.3d at 1256.  Indeed, "Rule 41(a)(2) exists chiefly for protection of defendants."  Sobe News, Inc. d/b/a Ocean Drive Magazine v. Ocean Drive Fashions, Inc., 199 F.R.D. 377, 378 (S.D. Fla. 2001); see also McCants, 781 F.2d at 856 ("The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." (internal quotation marks omitted)).

While Rule 41(a)(2) allows a plaintiff to dismiss an action voluntarily once he receives approval of the district court, "[t]he rule also permits the court to attach certain conditions to its order . . . ."  Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 861 (11th Cir. 2000).  "[T]he 'authority to attach conditions to the order of dismissal "prevents defendants from being unfairly affected" thereby.'"  Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1301 (11th Cir. 2004) (citations omitted).  Such conditions may include requiring the plaintiff to pay defendant a certain sum of money in costs, expenses and reasonable attorney's fees, creating an enforceable judgment on which defendant can execute, see Ortega Trujillo, 379 F.3d at 1300; Yoffe v. Keller Inds., Inc., 582 F.2d 982, 983 (5th Cir. 1978), or conditioning the dismissal on the payment of costs to the defendant should the plaintiff later re-file.  Pontenberg, 252 F.3d at 1260; see also Roberts Enters., Inc. v. Olympia

Sales, Inc. 186 F. App'x 871 (11th Cir. 2006); Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004); McCants, 781 F.2d at 860.[5]

Additionally, in weighing the potential harm of a dismissal without prejudice, the Court considers the timing of the dismissal because the later it is granted the more likely the defendant's exposure to additional litigation expenses. Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985). On the other hand, if a plaintiff wishes to voluntarily dismiss a claim with prejudice, then there is no danger of harm to the defendant.

> Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this. Consequently, no matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed.

Schwarz, 767 F.2d at 129 (internal citations and quotations omitted); see also Chavez v. Northland Group, No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *4 (D. Ariz. Feb. 1, 2011) ("The fact that the dismissal is with prejudice, such that Plaintiff's claims cannot be reasserted in another federal suit, supports a finding that the dismissal will cause no legal prejudice."). Although this case is now beyond the summary judgment stage of the proceedings, Plaintiff seeks to dismiss the only surviving claim with prejudice. Because Plaintiff will not seek to litigate this claim again and Defendant has not made any unnecessary preparations for trial, Defendant cannot suffer any harm from such a dismissal

---

[5] Rule 41(d) provides that a court may order a plaintiff to pay all or part of the costs of a previous action filed and dismissed by plaintiff which includes the same claim and the same defendant. Fed. R. Civ. P. 41(d); see also Pontenberg, 252 F.3d at 1256 n.2.

and the Court need not impose any conditions to rectify nonexistent prejudice.[6]  See Schwarz, 767 F.2d at 130.  Accordingly, Plaintiff's Motion is due to be granted and her remaining claim is due to be dismissed with prejudice.[7]

Accordingly, it is hereby **ORDERED**:

1. Plaintiff Yolanda Emanuel's Motion to Dismiss, with Prejudice, All Counts of the Original and Amended Complaints of the Subject Lawsuit that are Pertinent to Plaintiff Yolanda Emanuel (Doc. No. 277) is **GRANTED**.

2. Plaintiff Yolanda Emanuel's failure to promote claim set forth in Court One of the Revised Third Verified Amended Complaint and Jury Demand (Doc. No. 57) is **DISMISSED WITH PREJUDICE**.

3. Pursuant to Rule 54(b), Federal Rules of Civil Procedure, there being no just reason for delay, and based on this Order and the Court's Order (Doc. No. 249) granting defense motions for summary judgment, the Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendants Shands Jacksonville

---

[6] Defendant cites Tesma v. Maddox-Joines, Inc., 254 F.R.D. 699 (S.D. Fla. 2008) to support awarding costs even when a court grants a voluntary dismissal with prejudice.  In Tesma, in a second lawsuit, the plaintiff sued the wrong defendant without explanation, where the previous lawsuit had been dismissed for the plaintiff's failure to comply with the court's orders, and the plaintiff refused to agree to transfer the action to the judge who had been assigned to the previous case.  See id. at 700-01.  Finding that the plaintiff had forced the defendant to litigate the case without reason, the district court granted the voluntary dismissal on the condition that plaintiff pay both attorney's fees and costs incurred in the litigation.  See id. at 701-02.  This case is distinguishable because Plaintiff Emanuel's claim was not so clearly without merit.  As discussed in the Emanuel Summary Judgment Order, her failure-to-promote claim is a viable one, and Defendant has not argued that Plaintiff engaged in any dilatory tactics or other misconduct.

[7] The Court does not address here Defendant's contention that it is entitled to costs under Rule 54 as the prevailing party based on the Court's entry of summary judgment.  See Response at 3 n.3.  If despite Plaintiff's financial circumstances, Defendant seeks an award of costs, the Court will determine the propriety of such an award in due course after giving Plaintiff an opportunity to respond.

Medical Center, Inc., Gregory Miller, Lesli Ward, and Dan Staifer, and against Plaintiff Yolanda Emanuel, as to all claims brought by Emanuel in this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of June, 2014.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc16

Copies to:

Counsel of Record

Pro Se Parties